UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**KIMBERLY G. NINEDORF,**

                 **Plaintiff,**

              v.                                         Case No. 23-CV-998

**MARTIN J. O'MALLEY,**
**Commissioner of the Social Security Administration,**

                 **Defendant.**

---

## DECISION AND ORDER

**1. Introduction**

Alleging she has been disabled since September 18, 2021 (Tr. 43), plaintiff Kimberly G. Ninedorf seeks disability insurance benefits. She remains insured through December 31, 2025. After her application was denied initially (Tr. 135-39) and upon reconsideration (Tr. 141-45), a hearing was held before Administrative Law Judge (ALJ) Arman Rouf on January 6, 2023 (Tr. 61-104). On February 1, 2023, the ALJ issued a written decision concluding that Ninedorf was not disabled. (Tr. 38-55.) After the Appeals Council denied Ninedorf's request for review on May 24, 2023 (Tr. 1-3), Ninedorf filed

this action. All parties have consented to the full jurisdiction of a magistrate judge (ECF Nos. 4, 7), and the matter is ready for resolution.

## 2. ALJ's Decision

In determining whether a person is disabled an ALJ applies a five-step sequential evaluation process. 20 C.F.R. § 404.1520(a)(4). At step one the ALJ determines whether the claimant has engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). The ALJ found that Ninedorf had not engaged in substantial gainful activity since her alleged onset date. (Tr. 43.)

The analysis then proceeds to the second step, which is a consideration of whether the claimant has a medically determinable impairment or combination of impairments that is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c). An impairment is severe if it significantly limits a claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1522(a). The ALJ concluded that Ninedorf has the following severe impairments: "cerebral vascular accident, aphasia, degenerative disc disease of the lumbar spine, lupus, myofascial pain, obesity, and anxiety disorder." (Tr. 43.)

At step three the ALJ is to determine whether the claimant's impairment or combination of impairments is of a severity to meet or medically equal the criteria of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (called "the listings"), 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1525. If the impairment or impairments meets or medically equals the criteria of a listing and also meets the twelve-month durational

requirement, 20 C.F.R. § 404.1509, the claimant is disabled. 20 C.F.R. § 404.1520(d). If the claimant's impairment or impairments is not of a severity to meet or medically equal the criteria set forth in a listing, the analysis proceeds to the next step. 20 C.F.R. § 404.1520(e). The ALJ found that Ninedorf's impairments did not meet or medically equal a listing impairment. (Tr. 44-46.)

In between steps three and four the ALJ must determine the claimant's residual functional capacity (RFC), which is the most the claimant can do despite her impairments. 20 C.F.R. § 404.1545(a)(1). In making the RFC finding, the ALJ must consider all of the claimant's impairments, including impairments that are not severe. 20 C.F.R. § 404.1545(a)(2). In other words, "[t]he RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." SSR 96-8p. The ALJ concluded that Ninedorf has the RFC

> to perform light work as defined in 20 CFR 404.1567(b) except the claimant can occasionally climb ramps and stairs, balance, stoop, kneel, and crawl; can never crouch; can never climb ladders, ropes, or scaffolds; can frequently handle and finger with the bilateral upper extremities; must avoid unprotected heights, moving mechanical parts, and operating a motor vehicle; is limited to occasional verbal communication and occasional reading; can understand, remember and carry out simple instructions; can maintain attention, concentration, persistence and pace for two-hour segments; can use judgment to make simple work-related decisions; and can deal with occasional changes in a routine work setting.

(Tr. 47.)

After determining the claimant's RFC, the ALJ at step four must determine whether the claimant has the RFC to perform the requirements of her past relevant work.

3

20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1560. The ALJ concluded that Ninedorf was unable to perform her past relevant work. (Tr. 53.)

The last step of the sequential evaluation process requires the ALJ to determine whether the claimant is able to do any other work, considering her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1560(c). At this step, the ALJ concluded that there were jobs that Ninedorf could perform, including mail clerk (Dictionary of Occupational Titles (DOT) Number 209.687-026); and marker (DOT Number 209.587-034). (Tr. 54.) Therefore, Ninedorf was not disabled. (Tr. 54.)

### 3. Standard of Review

The court's role in reviewing an ALJ's decision is limited. It must "uphold an ALJ's final decision if the correct legal standards were applied and supported with substantial evidence." *L.D.R. by Wagner v. Berryhill*, 920 F.3d 1146, 1152 (7th Cir. 2019) (citing 42 U.S.C. § 405(g)); *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017) (quoting *Castile v. Astrue*, 617 F.3d 923, 926 (7th Cir. 2010)). "The court is not to 'reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] judgment for that of the Commissioner.'" *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (quoting *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003)). "Where substantial evidence supports the ALJ's disability determination, [the court] must affirm the [ALJ's] decision

even if 'reasonable minds could differ concerning whether [the claimant] is disabled.'" *L.D.R. by Wagner*, 920 F.3d at 1152 (quoting *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008)).

4. Analysis

Following a stroke, Ninedorf reported significant problems with fatigue. (Tr. 140, 272, 273, 275, 279, 845, 1141, 1143, 1144, 1152.) Her mother testified that Ninedorf would often sleep during the day and would have to nap after activities, like shopping. (Tr. 93-94; *see also* 282.) Ninedorf's treating physician noted that she may require extra breaks during a workday. (Tr. 1201-02.)

Yet the ALJ made scant reference to Ninedorf's fatigue, either to explain why he found that it was not as severe as she alleged or to account for it in her RFC. The Commissioner contends that the ALJ sufficiently addressed this limitation because he noted that Ninedorf had sleep difficulties and sleep apnea, problems focusing, carrying out mental and physical activities, and was described as deconditioned. (ECF No. 21 at 9.) He also noted that Ninedorf was alert during her examinations. (ECF No. 21 at 10.)

Although an ALJ generally need not recount every piece of evidence, he may not simply ignore significant evidence of a claimant's fatigue. *Sherman v. O'Malley*, No. 23-1428, 2023 U.S. App. LEXIS 34044, at *7 (7th Cir. Dec. 22, 2023) (citing *Reinaas v. Saul*, 953 F.3d 461, 467 (7th Cir. 2020)); *Saucier v. Kijakazi*, No. 21-CV-1441, 2022 U.S. Dist. LEXIS 158837, at *26 (E.D. Wis. Sep. 2, 2022) ("If the ALJ intended the RFC to account for

5

Saucier's fatigue, she must explain how it does so. If the ALJ decided not to credit the evidence of fatigue in her RFC, she must explain why not. *See* SSR 96-8p.").

The ALJ's references to what may be characterized as sleep-related matters were insufficient to account for Ninedorf's professed frequent inability to get through a day without napping and fatigue from minimal exertions. "[T]he ALJ was required to fulsomely 'discuss [the claimant's] fatigue and how it might affect her job performance.'" *Rebecca A. v. Kijakazi*, No. 21 C 3185, 2022 U.S. Dist. LEXIS 204944, at *8 (N.D. Ill. Nov. 10, 2022) (quoting *Holland v. Barnhart*, No. 02 C 8398, 2003 U.S. Dist. LEXIS 15599, at *24-25 (N.D. Ill. Sep. 4, 2003)).

The court cannot find that the ALJ's error was harmless. Ninedorf's self-reported limitations were endorsed by her mother and treating physician. Persons who suffered strokes, as well as persons who suffer from lupus, often report fatigue. *See, e.g.*, (Tr. 1144); *Maritza L. v. O'Malley*, No. 22-cv-6376, 2024 U.S. Dist. LEXIS 80255, at *6 (N.D. Ill. May 2, 2024); *Jennie T. v. O'Malley*, No. 3:22-CV-846-JVB, 2024 U.S. Dist. LEXIS 39086, at *6 (N.D. Ind. Mar. 6, 2024); *Allen v. Astrue*, No. 06-CV-4660, 2008 U.S. Dist. LEXIS 109559, at *20 (N.D. Ill. Nov. 13, 2008). If credited, Ninedorf's fatigue may further limit her RFC such that she may be unable to work. *See Marilyn G. v. O'Malley*, No. 22-cv-5373, 2024 U.S. Dist. LEXIS 33275, at *8 (N.D. Ill. Feb. 27, 2024); *see also* (Tr. 99-100) (testimony of vocational expert that more than a 15-percent off-task limitation would be work preclusive). Therefore, remand is required.

On remand, the ALJ must also reassess the opinion of Jennifer Brown, Ninedorf's treating physician. The ALJ discounted her opinion, stating:

> This opinion is unpersuasive as it limits the claimant to less than even sedentary level duties, which is not supported by the records. The undersigned finds that the overall records more reasonably support that the claimant can perform the range of light level work discussed in the assigned residual functional capacity (1F, 3F, 7F, 8F, 12F, 13F, 17F, 24F, Hearing record). Finally, the opinion regarding off task behavior due to her physical conditions is speculative and not supported by the records.

(Tr. 51-52.)

Granted, "adjudicators are subject to only the most minimal of articulation requirements." *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024). But a string citation to hundreds of pages of medical records is insufficient to allow the court to trace the ALJ's reasoning and provide meaningful judicial review. *See id.* at 1054. Expansive citations invite the Commissioner to scour the pages cited to inappropriately cobble together a rationale the ALJ never actually articulated. *Cf. Hendricks v. Astrue*, No. 1:08-cv-0376-DFH-TAB, 2009 U.S. Dist. LEXIS 20529, at *23 (S.D. Ind. Mar. 11, 2009) (citing *SEC v. Chenery Corp.*, 318 US 80, 93-95 (1943)); *Kennedy v. Kijakazi*, No. 22-2258, 2023 U.S. App. LEXIS 3503, at *8 (7th Cir. Feb. 14, 2023). The ALJ's explanation for the persuasiveness of Brown's opinion lacked the specificity required under 20 C.F.R. § 404.1520c. *See Bakke v. Kijakazi*, 62 F.4th 1061, 1067 (7th Cir. 2023) ("Section 404.1520c(c) requires ALJs to explicitly explain why particular medical opinions are consistent with the record as a whole.").

Similarly, the ALJ must reassess the opinions of Ninedorf's mother in accordance with 20 C.F.R. § 404.1520b and SSR 16-3p. His discussion of her opinion is unclear in that he "finds it to be of limited persuasion," but the only explanation for discounting her opinion is because "she is not an acceptable medical source." (Tr. 51.) Ninedorf's mother did not purport to offer a medical opinion; she testified about Ninedorf's behavior, routines, and functioning. How this testimony was "of limited persuasion" simply because she was not "an acceptable medical source" is unclear.

Insofar as Ninedorf's purported non-compliance with treatment recommendations may be material to an assessment of her symptoms (*see* Tr. 49), the ALJ must comply with SSR 16-3p and consider reasons for any non-compliance.

5. **Conclusion**

For the reasons set forth above,

**IT IS THEREFORE ORDERED** that the Commissioner's decision is **vacated**, and pursuant to 42 U.S.C. § 405(g), sentence four, this matter is **remanded** for further rulings consistent with this decision. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 20th day of June, 2024.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge