**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**KIMBERLY N.,**

**Plaintiff,**

**v.** **Case No. 23-CV-998**

**FRANK J. BISIGNANO,[1]**
**Commissioner of Social Security,**

**Defendant.**

---

# ORDER

---

On September 17, 2024, the parties filed a stipulated motion to an award of attorney's fees under the Equal Access to Justice Act (EAJA) in the amount of $5,900 (ECF No. 27), which the court granted on September 18, 2024 (ECF No. 28). The plaintiff's attorney, Donald Chewning, now seeks an award in the amount of $11,238.25 (subject to his obligation to refund to Plaintiff the EAJA fees previously awarded). (ECF No. 29.) The requested amount represents the balance of 25 percent of the plaintiff's past-due benefits withheld for attorney fees, after payment to Plaintiff's counsel who represented her at the remand hearing. (*Id.* at 2.) The Commissioner neither supports nor opposes counsel's

[1] Frank J. Bisignano became the Commissioner of the Social Security Administration in May 2025. Accordingly, the Clerk of Court shall substitute Bisignano as the named defendant in this action. *See* Fed. R. Civ. P. 25(d).

request for attorney's fees, but requests the court direct plaintiff's attorney to reimburse plaintiff $5,900 in EAJA fees previously granted. (ECF No. 31.)

Section 406(b)(1)(A) allows a successful claimant who was represented by counsel to receive "as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment…." 42 U.S.C. 406(b)(1)(A).

Within the 25 percent boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002). In making its determination, the court may consider the character of the representation and the results obtained, reducing the award if the attorney is responsible for delay in the proceeding that had the effect of inflating past-due benefits, or if the fee is so large in comparison to the amount of time counsel spent on the case that the fee would constitute a windfall for the attorney. *Id.* at 808.

The fee award requested is reasonable. Attorney Chewning obtained a good result for the plaintiff and the plaintiff agreed to pay 25 percent of the past due benefits awarded to her. (ECF No. 29-5.) Moreover, the fee requested will not constitute a windfall for Attorney Chewning. Attorney Chewning spent 27.5 hours working on this matter and the resulting hourly fee based on the $11,238.25 award (exclusive of the EAJA award to be refunded) would be $408.66 per hour. (ECF No. 29 at 3.) Other courts in this district have declined to classify awards as windfalls when they exceed even $1,000 in resulting hourly

fees. *See Mentecki v. Colvin*, No. 14-cv-1110-pp, 2019 WL 3323874, *2 (E.D. Wis. July 24, 2019) (citing *Peterson v. Colvin*, No. 12-cv-391 at Dkt. No. 32 (E.D. Wis. Sep. 3, 2015) (approving award resulting in implied hourly rate exceeding $1,000, based upon performance and client approval)); *Kolp v. Colvin*, No. 12-cv-842, 2015 WL 4623645, at *2 (E.D. Wis. Aug. 3, 2015) (granting in full request for award equating to $1,118.44 hourly rate). As such, the court finds that $11,238.25 is a reasonable sum in light of the hours that Attorney Chewning spent working on this case.

The Court will grant plaintiff's motion and authorize a supplemental § 406(b) fee award of $11,238.25 to Attorney Chewning.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for supplemental attorney's fees under 42 U.S.C. § 406(b) (ECF No. 29) is **GRANTED** and the court **APPROVES** the award of $11,238.25. Upon receipt of the awarded fees, Attorney Chewning shall refund his previously awarded fee under the Equal Access to Justice Act in the amount of $5,900 to Plaintiff.

Dated at Milwaukee, Wisconsin this 29th day of October, 2026.

William E. Duffin

WILLIAM E. DUFFIN
U.S. Magistrate Judge